IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID G. OPPENHEIMER, | ) | |
| | ) | 1:22-cv-02864 |
| Plaintiff, | ) | |
| | ) | |
| | ) | MEMORANDUM OF LAW |
| v. | ) | IN SUPPORT OF |
| | ) | MOTION |
| | ) | FOR |
| EVENT TICKET SALES LLC; and | ) | SUMMARY JUDGMENT |
| GUINIO VOLPONE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Material Facts*

The Amended Complaint first naming defendant Guinio Volpone as a party was filed on September 21, 2022, and asserts causes of action against Volpone for direct, vicarious and contributory copyright infringement under 17 U.S.C. § 501 and for violations of the Digital Millennium Copyright Act under 17 U.S.C. § 1202(b). *Statement*, ¶ 1.

Defendant Volpone is the sole principal/owner and decisionmaker of defendant Event Ticket Sales LLC. *Statement*, ¶ 3.

The plaintiff first discovered Volpone's alleged use of the plaintiff's copyrighted photograph on Event Ticket Sales LLC's website on June 1, 2019. *Statement*, ¶ 2.

Defendant Volpone asserts the applicable statute of limitations as an affirmative defense to the plaintiff's claim. *Statement*, ¶ 4.

The Complaint commencing this action against defendant Event Ticket Sales LLC and "John Does" was filed on May 31, 2022. *Statement*, ¶ 5.

The plaintiff did not know defendant Volpone's name as the owner of his LLC when this action was commenced. *Statement*, ¶ 6.

*Law*

Federal Rule of Civil Procedure 56(a) states:

> A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The statute of limitation for all causes of action in this suit is three years from when the claim accrued. 17 U.S.C. § 507(b). The plaintiff's claim against Volpone accrued on June 1, 2019, when he first discovered Volpone's alleged use of the copyrighted photograph on his LLC's website. The Seventh Circuit applies the "discovery rule" to the Copyright Act's statute of limitations so that it doesn't start to run until a plaintiff discovers a violation. *Seide v. Level-(1) Glob. Sols., LLC*, 2016 U.S. Dist. LEXIS 105375, 2016 WL 4206076, at *3 (N.D. Ill. Aug. 10, 2016).

*Argument*

Pursuant to 17 U.S.C. § 507(b) and the Seventh Circuit's discovery rule, the plaintiff's claim against Volpone expired three years after June 1, 2019, or on or about June 2, 2022. The Amended Complaint was filed after that. The Complaint commencing the

action was filed on May 31, 2022, within three years of the plaintiff's discovery. The plaintiff's addition of Volpone as a party can relate back to that filing only by way of Fed. R. Civ. P. 15(c) that provides:

> (1) *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The plaintiff's original Complaint was amended only to name Volpone as a party and to allege his involvement in the original claim as the defendant LLC's owner. So Volpone concedes that Rule 15(c)(1)(B) is satisfied. He further concedes that he received proper notice of the action and has not been prejudiced in defending it.

But while he should have known the action would have been brought against him individually, his exclusion as a party in the initial Complaint was not due to any mistake about his identity; the plaintiff simply didn't know his name as the owner. The amendment adding him as a party accordingly does not relate back to the filing of the Complaint.

No dispute exists regarding when the plaintiff first discovered the defendant Volpone's alleged use of the photograph or about when the plaintiff filed his Complaint and

Amended Complaint. And no dispute exists about why Volpone was not included as a party in the Complaint. From those undisputed facts, Volpone is entitled to judgment by dismissal as a matter of law.

                              GUINIO VOLPONE,
                              Defendant.

                        By  /s/Andrew J. Hilger
                              Andrew J. Hilger #20624 (NE)
                              LAW OFFICE OF ANDREW J. HILGER
                              5170 Leavenworth Street
                              Omaha, Nebraska  68106
                              (402) 551-2500
                              (402) 551-2502 (facsimile)
                              Andrew@ajhilger.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2023, I electronically filed the foregoing memorandum with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: Ilya G. Zlatkin, Attorney for Plaintiff.

                                /s/ Andrew J. Hilger
                              Attorney for Defendants