# THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| David Gordon Oppenheimer,<br><br>                      Plaintiff,<br><br>                      v.<br><br>Event Ticket Sales, LLC and<br>Guinio W. Volpone,<br><br>                      Defendants. | Case No. 1:22-cv-02864<br><br>Dist. Judge Andrea R. Wood<br><br>Mag. Judge Sheila M. Finnegan |

### PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Local Rule 56.1(d), Plaintiff David Gordon Oppenheimer ("Oppenheimer" or "Plaintiff") submits this Statement of Undisputed Material Facts ("SOF") in support of Plaintiff's Motion for Partial Summary Judgment ("Motion") against Defendants Event Ticket Sales, LLC ("ETS") and Guinio W. Volpone ("Volpone" and, together with ETS, "Defendants").

1. Oppenheimer filed his complaint ("Complaint") in this case on May 31, 2022. (Dkt. 1.) Because of the steps taken by Defendants to prevent disclosure of their identities, Oppenheimer initially named John Does 1-10 ("Doe Defendants") to represent "any and all other unidentified individuals and other entities involved in the ownership and/or management of the websites SecureBoxOffice.com and Box-OfficeTickets.com." (*Id*. ¶ 4.)

2. On September 9, 2022, ETS filed its answer to the Complaint, and confirmed that ETS owned and operated the websites that are the subject of this lawsuit. (Dkt. 11 ¶ 3 (admitting paragraph 3 of the Complaint).)

3. On September 9, 2022, ETS filed its supplemental notification of affiliates, listing Volpone as ETS's sole affiliate. (Dkt. 13.)

1

4. Oppenheimer subsequently filed his First Amended Complaint ("FAC") on September 21, 2022. (Dkt. 22.) In the FAC, Oppenheimer amended the Complaint to replace the Doe Defendants with Volpone. (*Id.*)

5. ETS filed its answer to the FAC ("ETS Ans.") on September 27, 2022. (Dkt. 27.) Volpone also filed his answer to the FAC ("Volpone Ans.") on September 27, 2022. (Dkt. 28.)

6. Contemporaneously with Plaintiff's submission of this SOF, Plaintiff has filed a Declaration of David Gordon Oppenheimer ("Oppenheimer Decl.") in support of the Motion.

7. Oppenheimer has been actively engaged in the business of creating and licensing photography for over twenty years, including through his company Performance Impressions LLC, a North Carolina limited liability company. (Oppenheimer Decl. ¶¶ 3–13.)

8. In August 2012, Oppenheimer created a photograph of a performance by the Steve Miller Band at The Biltmore Estate's 16th Annual Concert Series in Asheville, North Carolina ("Photograph"), which is the image at issue in this case. (Oppenheimer Decl. ¶ 21.)

9. On or around October 1, 2012, Oppenheimer obtained a copyright registration from the U.S. Copyright Office for a collection of photographs entitled *Festival Travel and Event Photography by David Gordon Oppenheimer*, which includes the Photograph. The number of the copyright registration is VAu 1-135-500. (Dkt. 22-1 (copyright registration certificate), Dkt. 22-2 (deposit copy of the Photograph).)

10. After submitting the Photograph for registration, Plaintiff published the Photograph through his usual online distribution channels, including through the Performance Impressions website and through the website Flickr. (Dkt. 22-3 (version of the Photograph published by Oppenheimer); Plaintiff's Response to Defendants' Second Set of Interrogatories at 5–6.)

11. In all instances of publication of the Photograph by Plaintiff, Plaintiff included copyright management information ("CMI"), including a visible watermark containing the language "© 2012 David Oppenheimer" on the face of the Photograph. (Dkt. 22-3 (version of the Photograph published by Oppenheimer), Oppenheimer Decl. ¶ 22). CMI was also embedded within the Photograph itself, as well as in close proximity to the Photograph in all instances of publication. (Oppenheimer Decl. ¶ 22.)

12. Since the date of creation of the Photograph, Plaintiff has held all exclusive rights to the Photograph. (FAC ¶ 17.)

13. Defendants admit that ETS owns and operates the websites secureboxoffice.com ("SBO") and box-officetickets.com ("BOT" and, together with SBO, "Websites"). (ETS Ans. ¶ 3 (admitting paragraph 3 of FAC); Volpone Ans. ¶ 3 (same).)

14. Defendants admit that Volpone is the sole owner/principal of ETS and the sole decisionmaker of ETS. (ETS Ans. ¶ 3 (admitting paragraph 4 of FAC); Volpone Ans. ¶ 3 (same).)

15. Defendants admit that ETS has used the Websites to market event tickets to Illinois customers for events occurring within Illinois, that ETS has facilitated ticket sales to persons within this judicial district, and that the Terms of Use on SBO impose Illinois law and identify Chicago as the venue for arbitrations from Terms of Use. (ETS Ans. ¶ 4 (admitting relevant portions of paragraph 6 of FAC); Volpone Ans. ¶ 4 (same).)

16. Defendants admit that the Websites have at various times been used to operate internet ticket resale marketplaces where tickets are offered for sale for events located in hundreds of locations throughout the USA, including in Illinois and this judicial district. (ETS Ans. ¶ 6 (admitting relevant portions of paragraph 12 of FAC); Volpone Ans. ¶ 6 (same).)

17. Exhibit D of the FAC contains a screenshot of a cropped version of the Photograph being used at the URL https://www.box-officetickets.com/P/p-816 ("BOT URL"). (Dkt. 22-4.)

18. Defendants admit that the image shown in Exhibit D of the FAC were displayed on a website owned by ETS. (ETS Ans. ¶ 11 (admitting relevant portions of paragraph 20 of FAC); Volpone Ans. ¶ 11 (same).)

19. Exhibit E of the FAC contains a screenshot of a cropped version of the Photograph being used at the URL https://www.secureboxoffice.com/steve-miller-band-tickets-816/performer ("SBO URL"). (Dkt. 22-5.)

20. Defendants admit that the images shown in Exhibit E of the FAC were displayed on a website owned by ETS. (ETS Ans. ¶ 12 (admitting relevant portions of paragraph 21 of FAC); Volpone Ans. ¶ 12 (same).)

21. Exhibit F of the FAC contains screenshots of a cropped version of the Photograph being used at the URLs https://images.box-officetickets.com/artists/816.jpg ("First BOT Image URL"), https://images.box-officetickets.com/artists-min/816.jpg ("Second BOT Image URL"), and https://images.secureboxoffice.com/artists-min/816.jpg ("SBO Image URL"). (Dkt. 22-6.)

22. Defendants admit that the images shown in Exhibit F of the FAC were displayed on a website owned by ETS. (ETS Ans. ¶ 13 (admitting relevant portions of paragraph 22 of FAC); Volpone Ans. ¶ 13 (same).)

23. The version of the Photograph published on the BOT URL, the SBO URL, the First BOT Image URL, the Second BOT Image URL, and the SBO Image URL did not contain Oppenheimer's CMI. (Dkt. 22-4, Dkt. 22-5, Dkt. 22-6.)

24. Defendants admit that ETS's BOT website redirected viewers to ETS's SBO website. (ETS Ans. ¶ 15 (admitting relevant portions of paragraph 24 of FAC); Volpone Ans. ¶ 15 (same).)

25. Defendants admit that ETS's websites did not display that either of the defendants owned or operated the sites beyond ETS's trade names of BOT and SBO. (ETS Ans. ¶ 16 (admitting relevant portions of paragraph 25 of FAC); Volpone Ans. ¶ 16 (same).)

26. Defendants admit that ETS's attorney wrote to Plaintiff's attorney after receiving Plaintiff's initial demand letter, claiming that the Photograph "does not appear protectable by copyright" and declining Plaintiff's demands from the initial demand letter. (ETS Ans. ¶ 17 (admitting relevant portions of paragraphs 26 and 27 of FAC); Volpone Ans. ¶ 17 (same); Dkt. 22-7 (copy of September 10, 2021 letter sent by ETS's attorney to Plaintiff's attorney).)

27. Defendants admit that Plaintiff's attorney responded to ETS's attorney on September 16, 2021, with renewed demands. (ETS Ans. ¶ 18 (admitting relevant portions of paragraph 28 of FAC); Volpone Ans. ¶ 18 (same).)

28. Defendants admit that Defendants did not respond to the follow-up letter sent by Plaintiff's attorney on September 16, 2021, nor to a subsequent follow-up email sent by Plaintiff's attorney on April 22, 2022. (ETS Ans. ¶ 20 (admitting paragraph 30 of FAC); Volpone Ans. ¶ 20 (same).)

29. Defendants admit that Defendants did not have any permission, license, or affirmative consent from Plaintiff to use the Photograph. (ETS Ans. ¶ 24 (admitting relevant portions of paragraph 34 of FAC); Volpone Ans. ¶ 24 (same).)

30. Defendants admit that Volpone is a member and manager of ETS (ETS Ans. ¶ 29 (admitting relevant portions of paragraph 42 of FAC); Volpone Ans. ¶ 29 (same).)

31. Defendants admit that Volpone had a financial interest in the content of ETS's sites that facilitated event ticket sales. (ETS Ans. ¶¶ 30, 33 (admitting relevant portions of paragraphs 43 and 46 of FAC); Volpone Ans. ¶¶ 30, 33 (same).)

32. Defendants admit that Volpone had control over ETS and ETS's policies, protocols, and some of the descriptive and other content on ETS's websites, including but not limited to images of performers. (ETS Ans. ¶¶ 30, 33 (admitting relevant portions of paragraphs 43 and 46 of FAC); Volpone Ans. ¶¶ 30, 33 (same).)

33. Defendants obtained a version of the Photograph that had Oppenheimer's CMI intact. (Dkt. 22-3 (version of the Photograph published by Oppenheimer), Oppenheimer Decl. ¶ 28).

34. Plaintiff has used an award-winning image monitoring software service called Pixsy to monitor potential infringements of his works, including the Photograph, since at least December 28, 2017. (Oppenheimer Decl. ¶ 23.)

35. The image monitoring software service logged a match of the Photograph, as used on ETS's websites, on June 1, 2019. (Oppenheimer Decl. ¶ 23.)

36. As a matter of best practice and to err on the side of caution, Plaintiff treated the date when Pixsy first logged the uses of the Photograph on ETS's Websites as the date of first discovery, even though Plaintiff's determination that Defendants' uses were infringing occurred later. (Oppenheimer Decl. ¶ 23–25; Plaintiff's Response to Defendants' Second Set of Interrogatories at 3–4.)

37. No other infringements of the Photograph have ever been identified by Pixsy. (Oppenheimer Decl. 28.)

Dated: July 11, 2023

                                            Respectfully submitted,

                                            DAVID GORDON OPPENHEIMER

                                            By: _____/s/ Ilya G. Zlatkin_____
                                            Ilya G. Zlatkin (ARDC No. 6314344)
                                            ZLATKIN WONG
                                            4245 North Knox Avenue
                                            Chicago, Illinois 60641
                                            Email: ilya@zlatkinwong.com
                                            Tel: (312) 809-8022

                                            *Attorney for Plaintiff David Gordon Oppenheimer*