IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID G. OPPENHEIMER, | ) | |
| | ) | 1:22-cv-02864 |
| Plaintiff, | ) | |
| | ) | DEFENDANTS' |
| | ) | MEMORANDUM OF LAW |
| v. | ) | IN OPPOTION TO |
| | ) | PAINTIFF'S MOTION |
| | ) | FOR |
| EVENT TICKET SALES LLC; and | ) | PARTIAL SUMMARY JUDGMENT |
| GUINIO VOLPONE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Summary Judgment Standard*

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Summary judgment cannot lie unless no genuine issue of material fact exists. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voight*, 700 F.2d 341, 349 (7th Cir.), *appeal dismissed and cert. denied*, 464 U.S. 805 (1983). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). To defeat a summary judgment motion, an opposing party must set forth specific facts showing there is a genuine factual issue for trial. *Id.* at 248.

The court may not consider the weight of the evidence or the credibility of particular witnesses. *Stokes v. Board of Educ. of the City of Chicago*, 599 F.3d 617, 619 (7th Cir. 2010). Rather, it must view all evidence in the light most favorable to the nonmoving party. *Id.* Inferences supported by only speculation or conjecture, however, will not defeat a summary judgment motion. *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007)(citation omitted). Moreover, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007)(citation omitted). A party must meet this burden with with citation to relevant admissible evidence. *Sink v. Knox County Hosp. 900 F. Supp. 1065, 1072 (S.D. Indiana 1995)*(citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001)(citations omitted.)

*Originality and Copyright Infringement*

To succeed on a claim copyright infringement, a plaintiff must demonstrate two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications Inc. v. Rural Telephone Serv., Inc*. 499 U.S. 340, 361 (1991).

To satisfy *Feist's* first prong, a plaintiff must prove that he complied with applicable statutory formalities for copyrights. *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996)(citation omitted). Once a plaintiff shows a certificate of registration, the burden shifts to the defendant to establish that the work is unprotectable as lacking the requisite originality required by *Feist's* second prong. *Latimer v. Roaring Toyz, Inc*., 601 F.3d 1224, 1233 (11th Cir. 2010).

To satisfy Feist's second prong, a plaintiff must show factually that the asserted infringer actually copied plaintiff's copyrighted material. *Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1541 (11th Cir. 1996). The plaintiff must also respond to the defendant's proof, if any, that the portion of the copyrighted work taken fails to meet the requirement of originality. *Id.* at 1542.

"The sine qua non of copyright is originality." *Feist*, 499 U.S. at 345. Copyright is meant to incent creative work and protect it. *Financial Information, Inc., v. Moody's Investor's Service, Inc.*, 751 F.2d 501 (2d Cir. 1984).

Whether a work is sufficiently original to warrant copyright protection is a question of fact. *Home Legend, LLC v. Mannington Mills, Inc.*, 784 F.3d 1404, 1409 (11th Cir. 2015). But the standard requires "only that the work was independently created by the author, not copied, and that it possesses at least some minimal degree of creativity." *Feist*, 499 U.S. at 345 (citation omitted). The "requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark." *Id*. (citation omitted).

"Not all copying, however, is copyright infringement", but only the copying of the original elements of a protected work. *Feist, 499 U.S. at 361.* Copyright protects only expression. <u>See</u> *Eldred v. Ashcroft*, 537 U.S. 186, 217 (2003). "Copyright gives the holder no monopoly on any knowledge. A reader of an author's writing may make full use of any fact or idea she acquires from her reading. See § 102(b)." *Id.* That a work is copyrighted does not mean that every element of the work is protected. *Feist, 499 U.S. at 349.* Copyright protection extends only to the parts of a work original to the author. *Id*. (citations omitted).

Photographs, even if taken in part for informative purposes, can nonetheless be creative. *See, e.g.*, *Balsley v. LFP, Inc.*, 691 F.3d 747, 760 (6th Cir. 2012)(finding an amateur photograph of a wet t-short contest had "a mixed nature of fact and creativity"). The plaintiff argued in *Balsley* that the photograph at issue was creative because the photographer

had "control over the exposure of the film (i.e., shutter speed and flash settings), used his artistic skill to edit the pictures for size, color, and clarity, and chose which images to publish based on the allurement of the subject." 691 F.3d at 760.

Even photographs of "mundane articles of furniture" have been determined as creative for copyright purposes. See *Ashley Furniture Indus., Inc. v. Am. Signature, Inc.*, No. 2:11-CV-427, 2014 WL 11320708, at *9 (S.D. Ohio 2014) ("although the copyrighted photographs at issue in this case depict comparatively mundane articles of furniture, they are at least as creative as the surreptitious grab shot at issue in *Balsley*.").

In *Maui Jim v. Smartbuy Guru Enters.*, 459 F. Supp. 3d 1058 (N.D. Ill 2020), the court considered whether photographs of sunglasses taken for advertising purposes were creative. Judge Aspen reasoned:

> Here, although the 93 Photographs are mundane depictions of Maui Jim's sunglasses, we find that the process of creating those photographs necessarily included decisions about lighting, camera angle and distance, shadowing, and post-production editing. Additionally, creative judgment was necessarily exercised in selecting which photographs to use on Maui Jim's advertisements.

459 F. Supp at 1102.

A copyright in a photograph does not extend to the subject matter of the image itself, but rather protects only the expression of the subject in such elements of the author's work as the selection of lighting, shading, camera angle, background and perspective. *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 60 (1884); *Wallace Computer Servs., Inc. v. Adams Business Forms, Inc.*, 837 F. Supp. 1413, 1417 (N.D. Ill. 1993).

But a photographer's arranged rendition of the subject matter is copyrightable as the Supreme Court held in *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53 (1884) in agreeing with these findings of the trial court:

[I]t is a "useful, new, harmonious, characteristic, and graceful picture, and that plaintiff made the same . . . entirely from his own original mental conception, to which he gave visible form by posing the said Oscar Wilde in front of the camera, selecting and arranging the costume, draperies, and other various accessories in said photograph, arranging the subject so as to present graceful outlines, arranging and disposing the light and shade, suggesting and evoking the desired expression, and from such disposition, arrangement, or representation, made entirely by plaintiff, he produced the picture in suit."

111 U.S. at 60.

Copyright protection does not extend to the poses of the subjects in a photograph, however, where they follow necessarily from the choice of the subject matter or are otherwise unoriginal. *Kaplan v. Stock Market Photo Agency, Inc.* 133 F. Supp.2d 317, 324-25 (S.D.N.Y. 2001); *Int'l Biotical Corp. v. Assoc. Mills*, 239 F. Supp. 511, 513 (N.D. Ill. 1964)*("copyrights cannot monopolize the various poses used in these photographs since its copyrights can protect only [p]laintiff's particular photographic expression of these poses and not the underlying ideas therefor").

Judge Shadur of this Court addressed the issue of an asserted copyright of photographs of naked babies in *Gentieu v. Tony Stone Images/Chicago, Inc.*, 255 F. Supp.2d 838 (2003):

It takes only a little thought to recognize, and this Court holds, that Gentieu cannot claim a copyright in the idea of photographing naked or diapered babies or in any elements of expression that are intrinsic to that unprotected idea. Clearly the "poses" at issue in Gentieu's images capture the natural movements and facial expressions of infants, as opposed to the contrived or directed positioning of a photographic model. Such poses are implicit in the very idea of a baby photograph and are not proper material for protection under Gentieu's copyrights. [Footnote no. 5] It is not enough to show infringement that the accused photographs were of naked babies in various poses. Rather Gentieu must show that the accused images are substantially similar to the particular compositional elements of her expression that do not flow necessarily from the idea of photographing naked babies.

5 "It may well be true that, as Gentieu claims, capturing a baby's pose is a skill that has served her well (G.Resp.¶ 160). But the poses themselves (e.g., a baby's smile or a baby putting up its arms) are inseparable from the unprotectible idea of a baby photograph."

255 F. Supp. 2d 838, 849 (N.D. Ill. 2003).

# ARGUMENT

*Ownership of Valid Copyright*

The defendants do not dispute the plaintiff's ownership of a valid copyright as evidenced by his Certificate of Registration.

*Copying of Constituent Elements*

The defendants do not dispute that the image at issue appeared on defendant Event Ticket Sales LLC's website.   But the plaintiff has not proffered any admissible evidence regarding *when* the image appeared, only that it did.  From the Defendants' Response to the Plaintiff's Statement of Facts:

    20.  Defendants admit that the images shown in Exhibit E of the FAC were displayed on a website owned by ETS. (ETS Ans.  ¶ 12 (admitting relevant portions of paragraph 21 of FAC); Volpone Ans. ¶ 12 (same).)

    RESPONSE: Admitted to extent that the referenced image(s) is of the musical performance.

    21.  Exhibit F of the FAC contains screenshots of a cropped version of the Photograph being used at the URLs https://images.box-officetickets.com/artists/816.jpg ("First BOT Image URL"), https://images.box-officetickets.com/artists-min/816.jpg ("Second BOT Image URL"), and https://images.secureboxoffice.com/artists-min/816.jpg ("SBO Image URL"). (Dkt. 22-6.)

    RESPONSE:  Objection.   This exhibit cannot be presented in a form admissible in evidence.    It is hearsay.   The exhibit appears screenshots of pages from a website without a visible "URL website address" and that appears to show screenshots of website pages on box-office tickets.com and secureboxoffice.com.

    The objection notwithstanding, the referenced exhibit speaks for itself as to what it contains.

22. Defendants admit that the images shown in Exhibit F of the FAC were displayed on a website owned by ETS. (ETS Ans. ¶ 13 (admitting relevant portions of paragraph 22 of FAC); Volpone Ans. ¶ 13 (same).)

REPONSE: Admitted to extent that the referenced images are of the musical performance.

Nor does the plaintiff assert in his declaration in support that he saw the image on the website himself. He states in essence that "Pixsy" informed him of when it appeared. The defendants objected to this as inadmissible hearsay in their Response to the Plaintiff's Statement of Facts:

35. The image monitoring software service logged a match of the Photograph, as used on ETS's websites, on June 1, 2019. (Oppenheimer Decl. ¶ 23.)

RESPONSE: Objection, the screenshot of the Pixsy website, referenced in Oppenheimer's Decl. ¶ 23, cannot be presented in a form admissible in evidence. It's hearsay.

Without any admissible evidence that the image appeared on the website after the plaintiff's copyright accrued, the plaintiff cannot be entitled to judgment as a matter of law.

*Extent of Plaintiff's Copyright*

The plaintiff states in his declaration in support that he "created" the photograph at issue. He does not include any additional detail regarding how he went about creating what he claims is protected by copyright. From the Defendants' Response to the Plaintiff's

Statement of Facts:

8.   In August 2012, Oppenheimer created a photograph of a performance by the Steve Miller Band at The Biltmore Estate's 16th Annual Concert Series in Asheville, North Carolina ("Photograph"), which is the image at issue in this case. (Oppenheimer Decl. ¶ 21.)

RESPONSE:   Admitted to the extent that Oppenheimer "took" the photograph of a performance by the Steve Miller at The Biltmore Estate's 16th Annual Concert Series in Asheville, North Carolina ("Photograph"), and that it is the image at issue in this case.

It is disputed that Oppenheimer "created" the photograph notwithstanding his conclusory statement that he did so.  (Oppenheimer Decl. ¶ 21.)  The photograph at issue (Doc. 43; attachment 13; Supplement Dkt. 22-2) appears a digital photograph and does not exhibit any methods of creation beyond the "taking" of what appears a digital photograph.   How it was created is lacking evidentiary support.

No amount of creative judgment can be derived from viewing the photo in isolation. It appears a photograph of three men playing each playing an electric guitars on an outdoor stage, two leads and one bass.   None of the performers is looking at whatever instrument captured the photograph.   All performers are wearing clothing that could not be characterized as extravagant or even unusual for any adult, musician or otherwise.  None of the men have any "rock star" appearance unless the longer hair style exhibited by one of them counts. What appears a microphone on a stand is next to one of the men and a drum and two cymbals are behind the three men.    The two men on the left side of the photo are looking at the man on the right, and the man on the right is looking at the others, as they all three play their instruments.   A net-like construction is behind the man in the right of the photo that appears part of the stage.   Behind the stage are what appear trees and open blue sky.  No direct sunlight is visible.   Overhead lighting may be operating but it's not obvious.

The idea of what is rendered in this photograph is an outdoor musical performance involving electric guitars and perhaps some singing.   The poses of the performers are not protected by copyright because those are natural and intrinsic to any musical performer. Certainly the musical instruments and stage apparatus are not protected because no evidence

is proffered that the plaintiff had any hand or even minimal authorial control over any of it, including but not limited to what the performers wore.   The only suggestion from the photograph about the plaintiff's control is pressing a button on an instrument, presumably a digital camera, that took the photo.

So insufficient evidence has been presented to entitle the plaintiff to judgment as a matter of law upon any of his claims, all of which require actual infringement of a protected work.  The copyright protection of what is depicted in the image is, if it exists at all, very thin.  A genuine dispute of fact exists in any case about the extent of any originality.  If any is determined to exist by a jury, what will have been infringed will be a small fraction of what is shown in the photograph.

EVENT TICKET SALES LLC and
GUINIO VOLPONE,
Defendants.

By   /s/Andrew J. Hilger
    Andrew J. Hilger #20624 (NE)
    LAW OFFICE OF ANDREW J. HILGER
    5170 Leavenworth Street
    Omaha, Nebraska  68106
    (402) 551-2500
    (402) 551-2502 (facsimile)
    Andrew@ajhilger.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2023, I electronically filed the foregoing memorandum with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:  Ilya G. Zlatkin, Attorney for Plaintiff.

    /s/ Andrew J. Hilger
    Attorney for Defendants