IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID G. OPPENHEIMER, | ) | |
| | ) | 1:22-cv-02864 |
| Plaintiff, | ) | |
| | ) | REPLY |
| | ) | MEMORANDUM OF LAW |
| v. | ) | IN SUPPORT OF |
| | ) | MOTION |
| | ) | FOR |
| EVENT TICKET SALES LLC; and | ) | SUMMARY JUDGMENT |
| GUINIO VOLPONE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Relation Back*

    The sole issue upon which Volpone's motion turns is not whether the plaintiff made a mistake in naming only Event Ticket Sales LLC as the initial defendant but rather whether he did so but for a mistake concerning Volpone's identity. *See* Fed. R. Civ. P. 15(c)(1)(C)(ii) ("An amendment to a pleading relates back to the date of the original pleading when . . . the party to be brought in by amendment knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.")

    The plaintiff has not proffered any fact establishing that he made a mistake to any degree about Volpone's identity. And although he does not directly dispute this, he states to "clarify" that "did not know defendant Volpone's name as the sole principal/owner and sole decisionmaker of Event Ticket Sales, LLC" (Doc. 48, Oppenheimer's Response to Statement of Material Facts, p.3, ¶ 6). This clarification does not establish a factual issue about a mistake or any erroneous belief material to Volpone's *identity*. Not even to his role or extent of ownership, assuming those subjects are relevant.

Oppenheimer's gymnastic argument that he proceeded under a mistake regarding the number of defendants, their statuses as natural or non-natural persons, and their roles is reducible to a lack of knowledge, not a mistake or erroneous belief. It's at best the inability to form a belief.

*Statute of Limitations and the Discovery Rule*

The discovery rule does not allow the plaintiff to extend the statute of limitations by the time he asserts is required for him to personally determine that the use is infringing. Actual infringement is for the fact-finder to determine. He admits that he knew of the use that he later asserted was infringing on June 1, 2019. He states in his Declaration that "[he] determin[ed] that ETS's uses were in fact infringing . . . at some point between June 1, 2019, and August 23, 2019." Oppenheimer Decl, Dkt. 43-1, ¶ 25. The Amended Complaint first naming defendant Volpone as a party was filed on September 21, 2022. (Doc. #22), Ex. 1. No material dispute exists for a jury to determine on this issue.

*Statute of Limitations and BOT URL*

Oppenheimer's assertion that he discovered a second infringement on the BOT URL according to the "Wayback Machine" on or after February 26, 2020, is supported only by inadmissible hearsay.

*Post-Suit Discoveries*

Oppenheimer's claimed post-suit discoveries are also supported only by inadmissible "Wayback Machine" hearsay. The deadline for completion of pretrial discovery and amendment of pleadings has been expired for some time. Justice would not so require allowance of amendment at this stage.

GUINIO VOLPONE,
Defendant.

By /s/Andrew J. Hilger
Andrew J. Hilger #20624 (NE)
LAW OFFICE OF ANDREW J. HILGER
5170 Leavenworth Street
Omaha, Nebraska 68106
(402) 551-2500
(402) 551-2502 (facsimile)
Andrew@ajhilger.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2023, I electronically filed the foregoing memorandum with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following: Ilya G. Zlatkin, Attorney for Plaintiff.

/s/ Andrew J. Hilger
Attorney for Defendants