IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID G. OPPENHEIMER, | ) | |
| | ) | 1:22-cv-02864 |
| Plaintiff, | ) | |
| | ) | DEFENDANTS' |
| | ) | **SUPPLEMENTED** RESPONSE |
| v. | ) | TO PLAINTIFF'S |
| | ) | STATEMENT OF FACTS |
| | ) | |
| EVENT TICKET SALES LLC; and | ) | |
| GUINIO VOLPONE, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant responds additionally as follows in bold to the plaintiff's Statement of Additional Material Facts (Doc. 43):

1.      Oppenheimer filed his complaint ("Complaint") in this case on May 31, 2022. (Dkt. 1.) Because of the steps taken by Defendants to prevent disclosure of their identities, Oppenheimer initially named John Does 1-10 ("Doe Defendants") to represent "any and all other unidentified individuals and other entities involved in the ownership and/or management of the websites SecureBoxOffice.com and Box-OfficeTickets.com." (Id. ¶ 4.)

RESPONSE:    The date of filing of the complaint is admitted.  The remainder is objected to as immaterial.

2.      On September 9, 2022, ETS filed its answer to the Complaint, and confirmed that ETS owned and operated the websites that are the subject of this lawsuit. (Dkt. 11  ¶ 3

(admitting paragraph 3 of the Complaint).)

    RESPONSE: Admitted

    3.     On September 9, 2022, ETS filed its supplemental notification of affiliates, listing Volpone as ETS's sole affiliate. (Dkt. 13.)

    RESPONSE: Admitted.

    4.    Oppenheimer subsequently filed his First Amended Complaint ("FAC") on September 21, 2022. (Dkt. 22.) In the FAC, Oppenheimer amended the Complaint to replace the Doe Defendants with Volpone. (Id.)

    RESPONSE: Admitted.

    5.    ETS filed its answer to the FAC ("ETS Ans.") on September 27, 2022. (Dkt. 27.) Volpone also filed his answer to the FAC ("Volpone Ans.") on September 27, 2022. (Dkt. 28.)

    RESPONSE: Admitted.

    6.    Contemporaneously with Plaintiffs submission of this SOF, Plaintiff has filed a Declaration of David Gordon Oppenheimer ("Oppenheimer Decl.") in support of the Motion.

    RESPONSE: Objection, immaterial.

    7.    Oppenheimer has been actively engaged in the business of creating and licensing

photography for over twenty years, including through his company Performance Impressions LLC, a North Carolina limited liability company. (Oppenheimer Decl. ¶ 3-13.)

RESPONSE: Objection, immaterial.

8.    In August 2012, Oppenheimer created a photograph of a performance by the Steve Miller Band at The Biltmore Estate's 16th Annual Concert Series in Asheville, North Carolina ("Photograph"), which is the image at issue in this case. (Oppenheimer Decl. ¶ 21.)

RESPONSE: Admitted to the extent that Oppenheimer "took" the photograph of a performance by the Steve Miller at The Biltmore Estate's 16th Annual Concert Series in Asheville, North Carolina ("Photograph"), and that it is the image at issue in this case.

It is disputed that Oppenheimer "created" the photograph notwithstanding his conclusory statement that he did so. (Oppenheimer Decl. ¶ 21.) The photograph at issue (Doc. 43; attachment 13; Supplement Dkt. 22-2) appears a digital photograph and does not exhibit any methods of creation beyond the "taking" of what appears a digital photograph. How it was created is lacking evidentiary support.

9.    On or around October 1, 2012, Oppenheimer obtained a copyright registration from the U.S. Copyright Office for a collection of photographs entitled Festival Travel and Event Photography by David Gordon Oppenheimer, which includes the Photograph. The number of the copyright registration is VAu 1-135-500. (Dkt. 22-1 (copyright registration certificate), Dkt. 22-2 (deposit copy of the Photograph).)

RESPONSE: Admitted.

10.   After submitting the Photograph for registration, Plaintiff published the Photograph

through his usual online distribution channels, including through the Performance
Impressions website and through the website Flickr. (Dkt. 22-3 (version of the Photograph
published by Oppenheimer); Plaintiff's Response to Defendants' Second Set of
Interrogatories at 5-6.)

RESPONSE: Admitted.

11. In all instances of publication of the Photograph by Plaintiff, Plaintiff included
copyright management information ("CMI"), including a visible watermark containing the
language "© 2012 David Oppenheimer" on the face of the Photograph. (Dkt. 22-3 (version of
the Photograph published by Oppenheimer), Oppenheimer Decl. ¶ 22). CMI was also
embedded within the Photograph itself, as well as in close proximity to the Photograph in all
instances of publication. (Oppenheimer Decl. ¶ 22.)

RESPONSE: Admitted to the extent that, in the published version (Dkt. 22-3), the
stated CMI was embedded in and in close proximity to the photograph.

The remainder is objected to as lacking evidentiary support. Oppenheimer Decl. ¶ 22
does not establish that, in all instances of publication, the stated CMI was embedded in and in
close proximity to the photograph.

12. Since the date of creation of the Photograph, Plaintiff has held all exclusive rights
to the Photograph. (FAC ¶ 17.)

RESPONSE: Objection, absence of evidentiary support. Disputed as a question of fact
as to whether the photograph at issue is sufficiently an original work to be entitled to
copyright protection. (Deposit Copy of Photograph, Doc. 43; attachment 13; Supplement
Dkt. 22-2)

4

13.    Defendants admit that ETS owns and operates the websites secureboxoffice.com ("SBO") and box-officetickets.com ("BOT" and, together with SBO, "Websites"). (ETS Ans. ¶ 3 (admitting paragraph 3 of FAC); Volpone Ans. ¶ 3 (same).)

RESPONSE:  Admitted.

14.    Defendants admit that Volpone is the sole owner/principal of ETS and the sole decisionmaker of ETS. (ETS Ans. ¶ 3 (admitting paragraph 4 of FAC); Volpone Ans. ¶ 3 (same).)

RESPONSE:  Admitted.

15.    Defendants admit that ETS has used the Websites to market event tickets to Illinois customers for events occurring within Illinois, that ETS has facilitated ticket sales to persons within this judicial district, and that the Terms of Use on SBO impose Illinois law and identify Chicago as the venue for arbitrations from Terms of Use. (ETS Ans. ¶ 4 (admitting relevant portions of paragraph 6 of FAC); Volpone Ans. ¶ 4 (same).)

RESPONSE:  Admitted.

16.    Defendants admit that the Websites have at various times been used to operate internet ticket resale marketplaces where tickets are offered for sale for events located in hundreds of locations throughout the USA, including in Illinois and this judicial district. (ETS Ans. ¶ 6 (admitting relevant portions of paragraph 12 of FAC); Volpone Ans. ¶ 6 (same).)

RESPONSE:  Admitted.

17.     Exhibit D of the FAC contains a screenshot of a cropped version of the Photograph being used at the URL https://www.box-officetickets.com/P/p-816 ("BOT URL"). (Dkt. 22-4.)

RESPONSE:  Objection.   This exhibit cannot be presented in a form admissible in evidence.    It is hearsay **and lacks proper authentication**.   The exhibit appears a screenshot of a page from a website entitled "Wayback Machine" an "internet archive" with a "URL website address" of Archive.org showing a screenshot of a website page on box-officetickets.com.

The objection notwithstanding, the referenced exhibit speaks for itself as to what it contains.

18.   Defendants admit that the image shown in Exhibit D of the FAC were [sic] displayed on a website owned by ETS. (ETS Ans.  ¶ 11 (admitting relevant portions of paragraph 20 of FAC); Volpone Ans. ¶  11 (same).)

RESPONSE:    Admitted to extent that the referenced image is of the musical performance.

19.     Exhibit E of the FAC contains a screenshot of a cropped version of the Photograph being used at the URL https://www.secureboxoffice.com/steve-miller-band-tickets-816/performer ("SBO URL"). (Dkt. 22-5.)

RESPONSE:  Objection.   This exhibit cannot be presented in a form admissible in evidence.    It is hearsay **and lacks proper authentication**.   The exhibit appears a screenshot of a page from a website entitled "Wayback Machine" an "internet archive" with a "URL website address" of Archive.org showing a screenshot of a website page on secureboxoffice.com.

The objection notwithstanding, the referenced exhibit speaks for itself as to what it contains.

20. Defendants admit that the images shown in Exhibit E of the FAC were displayed on a website owned by ETS. (ETS Ans. ¶ 12 (admitting relevant portions of paragraph 21 of FAC); Volpone Ans. ¶ 12 (same).)

RESPONSE: Admitted to extent that the referenced image(s) is of the musical performance.

21. Exhibit F of the FAC contains screenshots of a cropped version of the Photograph being used at the URLs https://images.box-officetickets.com/artists/816.jpg ("First BOT Image URL"), https://images.box-officetickets.com/artists-min/816.jpg ("Second BOT Image URL"), and https://images.secureboxoffice.com/artists-min/816.jpg ("SBO Image URL"). (Dkt. 22-6.)

RESPONSE: Objection. This exhibit cannot be presented in a form admissible in evidence. It is hearsay **and lacks proper authentication**. The exhibit appears screenshots of pages from a website without a visible "URL website address" and that appears to show screenshots of website pages on box-office tickets.com and secureboxoffice.com.

The objection notwithstanding, the referenced exhibit speaks for itself as to what it contains.

22. Defendants admit that the images shown in Exhibit F of the FAC were displayed on a website owned by ETS. (ETS Ans. ¶ 13 (admitting relevant portions of paragraph 22 of FAC); Volpone Ans. ¶ 13 (same).)

REPONSE:  Admitted to extent that the referenced images are of the musical performance.

23.     The version of the Photograph published on the BOT URL, the SBO URL, the First BOT Image URL, the Second BOT Image URL, and the SBO Image URL did not contain Oppenheimer's CMI. (Dkt. 22-4, Dkt. 22-5, Dkt. 22-6.)

RESPONSE:  Admitted to the extent that the referenced images do not appear to contain Oppenheimer's CMI.

24.     Defendants admit that ETS's BOT website redirected viewers to ETS's SBO website. (ETS Ans. ¶ 15 (admitting relevant portions of paragraph 24 of FAC); Volpone Ans. ¶ 15 (same).)

RESPONSE:  Admitted.

25.     Defendants admit that ETS's websites did not display that either of the defendants owned or operated the sites beyond ETS's trade names of BOT and SBO. (ETS Ans. ¶ 16 (admitting relevant portions of paragraph 25 of FAC); Volpone Ans. ¶ 16 (same).)

RESPONSE:  Objection, immaterial.  Notwithstanding the objection, admitted.

26.     Defendants admit that ETS's attorney wrote to Plaintiffs attorney after receiving Plaintiffs initial demand letter, claiming that the Photograph "does not appear protectable by copyright" and declining Plaintiffs demands from the initial demand letter. (ETS Ans. ¶ 17 (admitting relevant portions of paragraphs 26 and 27 of FAC); Volpone Ans. ¶ 17(same); Dkt. 22- 7 (copy of September 10,2021 letter sent by ETS's attorney to Plaintiffs attorney).)

REPONSE:   Objection, immaterial.  Notwithstanding the objection, the defendants admit that their attorney wrote in response to the demand letter as follows:

> "The photograph does not appear protectable by copyright.  It is a photograph taken during a stage performance.   It is not an original work in its rendition, timing, or creation of the subject.
>
> The demands outlined in your correspondence are declined."

27.     Defendants admit that Plaintiffs attorney responded to ETS's attorney on September 16, 2021, with renewed demands. (ETS Ans. ¶ 18 (admitting relevant portions of paragraph 28 of FAC); Volpone Ans. ¶1 8 (same).)

RESPONSE:   Objection, immaterial.

28.     Defendants admit that Defendants did not respond to the follow-up letter sent by Plaintiffs attorney on September 16,2021, nor to a subsequent follow-up email sent by Plaintiff's attorney on April 22,2022. (ETS Ans.  ¶ 20 (admitting paragraph 30 of FAC); Volpone Ans. ¶ 20 (same).)

RESPONSE:  Objection, immaterial.

29.     Defendants admit that Defendants did not have any permission, license, or affirmative consent from Plaintiff to use the Photograph. (ETS Ans. ¶ 24 (admitting relevant portions of paragraph 34 of FAC); Volpone Ans. ¶ 24 (same).)

RESPONSE:   Admitted.

30.     Defendants admit that Volpone is a member and manager of ETS (ETS Ans. . ¶ 29

(admitting relevant portions of paragraph 42 of FAC); Volpone Ans. ¶ 29 (same).)

RESPONSE:  Admitted.

31.     Defendants admit that Volpone had a financial interest in the content of ETS's sites that facilitated event ticket sales. (ETS Ans. ¶¶ 30, 33 (admitting relevant portions of paragraphs 43 and 46 of FAC); Volpone Ans. ¶¶ 30, 33 (same).)

RESPONSE:  Admitted.

32.     Defendants admit that Volpone had control over ETS and ETS's policies, protocols, and some of the descriptive and other content on ETS's websites, including but not limited to images of performers. (ETS Ans. ¶¶ 30, 33 (admitting relevant portions of paragraphs 43 and 46 of FAC); Volpone Ans. ¶¶ 30, 33 (same).)

REPONSE:  Admitted.

33.     Defendants obtained a version of the Photograph that had Oppenheimer's CMI intact. (Dkt. 22-3 (version of the Photograph published by Oppenheimer), Oppenheimer Decl. ¶ 28).

REPONSE:  Objection, immaterial and lacking evidentiary support.   Oppenheimer Decl. ¶ 22 does not establish that, in all instances of publication, the stated CMI was embedded in and in close proximity to the photograph.   Further, Oppenheimer's declaration at ¶ 28 cannot be presented in a form admissible in evidence.  It lacks foundation about a third-party's methodology and is based upon and contains unreliable hearsay regarding what that third-party apparently determined, found, or identified.

34.    Plaintiff has used an award-winning image monitoring software service called Pixsy to monitor potential infringements of his works, including the Photograph, since at least December 28, 2017. (Oppenheimer Decl. ¶ 23.)

RESPONSE:  Objection, immaterial.

35.    The image monitoring software service logged a match of the Photograph, as used on ETS's websites, on June 1, 2019. (Oppenheimer Decl. ¶ 23.)

RESPONSE:  Objection, the screenshot of the Pixsy website, referenced in Oppenheimer's Decl. ¶ 23, cannot be presented in a form admissible in evidence.  It's hearsay and **lacks proper authentication**.

36.    As a matter of best practice and to err on the side of caution, Plaintiff treated the date when Pixsy first logged the uses of the Photograph on ETS's Websites as the date of first discovery, even though Plaintiffs determination that Defendants' uses were infringing occurred later. (Oppenheimer Decl. ¶ 23-25; Plaintiffs Response to Defendants' Second Set of Interrogatories at 3-4.)

RESPONSE:   The defendants admit that the plaintiff treated June 1, 2019, as the date of discovery.  The remainder is objected to as immaterial.

37.    No other infringements of the Photograph have ever been identified by Pixsy. (Oppenheimer Decl. ¶ 28.)

RESPONSE:  Objection, immaterial and lacking evidentiary support.  Oppenheimer's declaration at ¶ 28 cannot be presented in a form admissible in evidence. **The referenced Exhibit E lacks proper authentication and the plaintiff's conclusion** lacks foundation about a third-party's methodology and is based upon and contains unreliable hearsay

regarding what that third-party apparently determined, found, or identified.


EVENT TICKET SALES LLC and
GUINIO VOLPONE,
Defendants.


By   /s/Andrew J. Hilger
    Andrew J. Hilger #20624 (NE)
    LAW OFFICE OF ANDREW J. HILGER
    5170 Leavenworth Street
    Omaha, Nebraska  68106
    (402) 551-2500
    (402) 551-2502 (facsimile)
    Andrew@ajhilger.com


## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023, I electronically filed the foregoing Defendants' Supplemented Response to Plaintiff's Statement of Facts with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:  Ilya G. Zlatkin, Attorney for Plaintiff.


    /s/ Andrew J. Hilger
    Attorney for Defendants