IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID G. OPPENHEIMER, | ) | |
| | ) | 1:22-cv-02864 |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | ANSWER |
| | ) | TO |
| EVENT TICKET SALES LLC; and | ) | SECOND |
| GUINIO VOLPONE, | ) | AMENDED COMPLAINT |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants EVENT TICKET SALES LLC and GUINIO VOLPONE, by and through its and his attorney, Andrew J. Hilger, for its and his Answer to the Second Amended Complaint, state as follows.

## NATURE OF THE ACTION

1.      The defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 1.

## THE PARTIES

2.      The defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 2.

3.      Paragraphs 3, 4 and 5 are admitted.

## JURISDICTION AND VENUE

4.     Paragraph 6 is admitted to the extent it alleges that defendant Event Ticket Sales LLC ("ETS") has used its websites to market event tickets to Illinois customers for events occurring within Illinois.  This paragraph is further admitted to the extent it alleges that ETS has facilitated ticket sales to persons within the federal Northern District of Illinois and that the Terms of Use on its website at SecureBoxOffice.com impose Illinois law as controlling upon any claim arising from use of the site and further require an arbitration venue within Chicago, Illinois.  The remainder of paragraph 6 is denied.

## FACTUAL ALLEGATIONS

5.     The defendants lack knowledge or information sufficient to form a belief about the truth of paragraphs 7, 8, 9, 10, and 11.

6.     Paragraph 12 is admitted.

7.     The defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 13.

8.     Paragraph 14 is denied to the extent that the photograph at issue is an original work. The defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of paragraph 14.

9.     The defendants lack knowledge or information sufficient to form a belief about the truth of paragraphs 15, 16, 17 and 18.

10.     Paragraph 19 is denied.

11.     Paragraph 20 is admitted to the extent it alleges that the image of the musical performance shown in Exhibit D was displayed on its website but the defendants lack knowledge or information sufficient to form a belief about the truth of precisely when.  The remainder of paragraph 20 is denied.

12.     Paragraph 21 is admitted to the extent it alleges that the image of the musical performance shown in Exhibit E was displayed on its website but the defendants lack knowledge or information sufficient to form a belief about the truth of precisely when.  The remainder of paragraph 21 is denied.

13.     Paragraph 22 is admitted to the extent it alleges that the image of the musical performance shown in Exhibit F was displayed on its website but the defendants lack knowledge or information sufficient to form a belief about the truth of precisely when.  The remainder of paragraph 22 is denied.

14.   The defendants lack knowledge or information sufficient to form a belief about the truth of paragraphs 23, 24, 25, 26, 27, 28, and 29.

15.     The defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 30 to the extent it alleges the plaintiff's discovery.   The defendants admit that ETS's website at Box-OfficeTickets.com redirected viewers to ETS's website at SecureBoxOffice.com.   The remainder of paragraph 30 is denied.

16.     Paragraph 31 is admitted to the extent that ETS's websites did not display that either of the defendants owned or operated the sites beyond ETS's trade names of Box Office Tickets and Secure Box Office. The defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 31 to the extent it alleges what the plaintiff was able to determine and how.

17.     Paragraphs 32 and 33 are admitted except that the attorney for the owner and operator of SecureBoxOffice.com stated in his response:

"The photograph does not appear protectable by copyright. It is a photograph taken during a stage performance. It is not an original work in its rendition, timing, or creation of the subject.

The demands outlined in your correspondence are declined."

18. Paragraph 34 is admitted to the extent that the plaintiff's attorney responded on September 16, 2021, to the attorney for the owner and operator of SecureBoxOffice.com with renewed demands. The remainder of paragraph 34 is denied.

19. Paragraph 35 is denied.

20. Paragraph 36 is admitted.

21. The defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 37 to the extent it alleges the plaintiff's date and method of discovery and notice. Paragraph 37 is admitted to the extent it alleges that the image of the musical performance shown in Exhibit H was displayed on its website but the defendants lack knowledge or information sufficient to form a belief about the truth of precisely when. The remainder of paragraph 37 is denied.

## FIRST CLAIM FOR RELIEF

22. Regarding paragraph 38, the defendants restate and incorporate by reference their previous responses herein to the allegations of the Complaint.

23. The defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 39.

24. Paragraph 40 is denied.

25.     Paragraph 41 is admitted to the extent that the defendants did not have any permission, license, or affirmative consent from the plaintiff.  The remainder of paragraph 41 is denied.

26.     Paragraphs 42, 43, and 44 are denied.

27.     The defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 45 to the extent it alleged what the plaintiff may require.   The remainder of paragraph 45 is denied.

28.     The defendants lack knowledge or information sufficient to form a belief about the truth of paragraphs 46 and 47 to the extent these allege the plaintiff's entitlements.


## SECOND CLAIM FOR RELIEF

29.     Regarding paragraph 48, the defendants restate and incorporate by reference their previous responses herein numbered 1 through 21 to the allegations of the Complaint.

30.     Paragraph 49 is admitted to the extent it alleges that Volpone is a member and manager of ETS.  The remainder of paragraph 49 is denied.

31.     Paragraph 50 is admitted to the extent it alleges that Volpone had control over some of the descriptive and other content on ETS's websites, including but not limited to images of performers.   This paragraph is further admitted to the extent it alleges that Volpone had a financial interest in the content of ETS's sites that facilitated event ticket sales.  The remainder of paragraph 50 is denied.

## THIRD CLAIM FOR RELIEF

32.     Regarding paragraph 51, the defendants restate and incorporate by reference their previous responses herein numbered 1 through 21 to the allegations of the Complaint.

33.     Paragraph 52 is denied.

34.     Paragraph 53 is admitted to the extent it alleges that Volpone had control over ETS and its policies, protocols, and some of the descriptive and other content on its websites, including but not limited to images of performers.   This paragraph is further admitted to the extent it alleges that Volpone had a financial interest in the content of its sites that facilitated event ticket sales.  The remainder of paragraph 53 is denied.

35.   Paragraph 54 is denied.

## FOURTH CLAIM FOR RELIEF

36.     Regarding paragraph 55, the defendants restate and incorporate by reference their previous responses numbered 1 through 21 to the allegations of the Complaint.

37.     The defendants lack knowledge or information sufficient to form a belief about the truth of paragraph 56.

38.     Paragraphs 57, 58, 59, 60, 61, 62, 63, and 64 are denied.

## AFFIRMATIVE DEFENSES

39.     The Complaint fails to state a claim upon which relief may be granted.

40.     The plaintiff does not own a valid copyright.

41.     None of the material claimed to be copyrighted is an original work entitled to copyright protection.

42.     Each of the plaintiff's claims is barred by the applicable statute of limitations.

        WHEREFORE, the defendants request that the plaintiff take nothing by way of judgment, for costs herein, and for such other relief as the Court deems just.

                                        EVENT TICKET SALES LLC and
                                        GUINIO VOLPONE,
                                        Defendants.


                                        By   /s/Andrew J. Hilger
                                          Andrew J. Hilger #20624 (NE)
                                          LAW OFFICE OF ANDREW J. HILGER
                                          5170 Leavenworth Street
                                          Omaha, Nebraska  68106
                                          (402) 551-2500
                                          (402) 551-2502 (facsimile)
                                          Andrew@ajhilger.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:  Ilya G. Zlatkin, Attorney for Plaintiff.


　　　　　　　　　　　　　　___/s/ Andrew J. Hilger_____
　　　　　　　　　　　　　　Attorney for Defendants